IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MUNOZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SACRAMENTO AREA COUNCIL, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-01525 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 20, 2007 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** Joint Motion for Preliminary Approval of Class Action Settlement Agreement, Class Certification for Purposes of Settlement and Approval of Proposed Notice to Class and **tentatively GRANTS** Plaintiffs' Motion for Award of Attorneys' Fees and Costs to Class Counsel.

The parties shall have 10 minutes to address the following questions:

1. Although the motion for certification and approval was filed jointly and Plaintiffs' motion for award of attorneys' fees tracks the settlement agreements and remains unopposed, does any party oppose the pending motions?

2. Some of the settlement agreements refer to Magistrate Judge LaPorte to address potential disagreements (*i.e.*, Settlement with Defendants California Department of Transportation and Will Kempton, Ex. A at ¶ XVII) while others refer to the undersigned (*i.e.*, Settlement with Defendant San Bernadino Service Authority for Freeway Emergencies, Ex. D at ¶ 15). Under the settlement agreements, this Court will retain jurisdiction over the implementation plans for a period of up to seven years. Should the parties have disagreements over the implementation or the enforcement of the terms of the settlement agreements, the parties should return to this Court and the Court will, if appropriate, refer any matter to a Magistrate Judge, including, if requested, Magistrate LaPorte. Does this scheme comport with the parties' agreement?

3. Is the Settlement Agreement with Defendants California Department of Transportation and Will Kempton valid without an explicit waiver of California Civil Code § 1542?

4. What schedule do the parties propose for holding the Fairness Hearing? What dates do the parties propose for submission of objections and Class Counsel's summary declaration as well as further submissions in support of the request for final approval of the settlement agreements?

5. Do the parties have any further they wish to address?

**IT IS SO ORDERED.**

Dated: April 18, 2007

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

2